IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FELISHA CARSHALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 13-CV-274-JHP |
| **LEFLORE COUNTY DETENTION** | ) | |
| **CENTER PUBLIC TRUST,** | ) | LEAD CASE |
| **CLAUDE JONES, in his official capacity,** | ) | |
| **KEVIN KNIGHT, in his official capacity,** | ) | |
| **and CHAD EATMON, individually,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **AND** | ) | CONSOLIDATED WITH |
| | ) | |
| **LITTIE NICOLE GALLEGLY,** | ) | |
| **NANCY LANE, MISTY ANDERSON,** | ) | |
| **and TONYA A. LEONARD,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 14-CV-24-JHP |
| **LEFLORE COUNTY DETENTION** | ) | |
| **CENTER PUBLIC TRUST,** | ) | MEMBER CASE |
| **CLAUDE JONES, in his official capacity,** | ) | |
| **KEVIN KNIGHT, in his official capacity,** | ) | |
| **and CHAD EATMON, individually,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Protective Order [Doc. No. 95]. After review of the briefs, and for the reasons stated below, Plaintiff's Motion for Protective Order is **GRANTED**.

**BACKGROUND**

Plaintiff, Felisha Carshall ("Carshall"), commenced an action against Leflore County Detention Center Public Trust ("Trust"), Claude Jones in his official capacity ("Jones"), Kevin Knight in his official capacity ("Knight"), and Chad Eatmon individually ("Eatmon") (collectively "Defendants") in the District Court of Leflore County, Oklahoma, on May 16, 2013. [Doc. No. 3, Ex. 2]. Eatmon removed the action to this Court June 19, 2013. [Doc. No. 3]. Subsequently, this Court consolidated the action brought by Carshall with an action brought by Littie Nicole Gallegly ("Gallegly"), Nancy Lane ("Lane"), Misty Anderson ("Anderson"), and Tonya A. Leonard ("Leonard") against Defendants. [Doc. No. 85].

On April 23, 2014 Defendant Trust filed a Notice of Deposition stating its intention to take the deposition of Gary R. Buckles ("Buckles"), attorney for Plaintiff Anderson. [Doc. No. 90]. Plaintiffs filed a Motion for Protective Order requesting this court to prevent the deposition of Buckles. [Doc. No. 95]. Plaintiffs allege that communications between Anderson and Buckles are protected by attorney-client privilege and that Anderson has not waived that privilege. [Doc. No. 98].

**DISCUSSION**

In a federal civil proceeding, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 403 (1976). "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote

broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). However, "any voluntary disclosure by the client is inconsistent with the attorney-client relationship and waives the privilege." *In re Quest Communications International Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006).

Anderson's relationship with Buckles was that of a client to her attorney when she allegedly reported incidents involving Eatmon to Buckles. Anderson testified in her deposition on February 17, 2014 as follows:

> Q. While you were in jail during the time that you had these problems that you're describing today with Chad, did you have an attorney representing you?
> A. No.
> Q. Did you have an attorney like in your criminal case?
> A. Yeah, I -- Gary Buckle (sic).
> Q. Okay. Did you report to your attorney in your criminal case these issues you were having with Chad Eatmon?
> A. Sort of, yes. I was embarrassed to say anything.
> Q. So you did or you did not?
> A. I -- I did, but it didn't come out -- it don't come out the way I want it to because I'm embarrassed to say anything about it.
> Q. Okay. Other than Gary Buckles, while you were in jail, did you tell anybody else any of these problems that you had --
> A. No.
> Q. -- that you were having with Chad?
> A. No.
> Q. Did you tell your husband?
> A. No.

[Doc. No. 95, Ex. 3 at 3]. Anderson states in her affidavit that Buckles has represented her in various civil and criminal matters since 2009, and that Buckles represented her at the time she reported the problems involving Eatmon. [Doc. No. 102, Ex. 3 at 2]. Buckles now represents her in the suit resulting from that report. The fact that Anderson chose to report the problems only to Buckles indicates that she regarded the communications as confidential. Anderson testified as follows:

> Q. Did you tell your mom?

3

> A. No.
> Q. During the time you were having these problems with Chad that you told us about today, did you have any visitors in jail?
> A. Yes.
> Q. Who?
> A. My husband and my daughter.
> Q. Which daughter?
> A. Bailey.
> Q. How frequently did they visit?
> A. Every Sunday.
> Q. Okay. And you never told them, correct?
> A. No.
> Q. Is that correct?
> A. Yes.

[Doc. No. 95, Ex. 3 at 3].

Anderson has not waived attorney-client privilege with respect to her communications with Buckles, so the communications remain privileged. Defendants assert that Anderson waived the attorney-client privilege when in her deposition she admitted to reporting problems with Eatmon to Buckles. [Doc. No. 98 at 4-5]. "The attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party." *United States v. Ryans,* 903 F.2d 731, 741 n. 13 (10th Cir.1990). However, a client does not waive the attorney-client privilege merely by disclosing that she discussed a subject with her attorney so long as the substance of the communication remains confidential. *See K-Tech, Inc. v. Vita-Mix Corp.*, No. 2:06-cv-108-TC-PMW, 2009 WL 2436694, at *1 (D. Utah, Aug. 7, 2009). Here, Anderson has merely revealed the fact that she consulted with her attorney regarding problems with Eatmon. She has not revealed the substance of what she discussed with her attorney, Buckles. The privilege is not waived.

In order to prevent the disclosure of communications subject to the attorney-client privilege, this Court may enter a protective order prohibiting that disclosure or discovery. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery.").

Because this Court finds that the communications between Anderson and Buckles are protected by attorney-client privilege and that Anderson has not waived that privilege, it is not necessary to address whether the work-product doctrine would also apply to prevent the deposition of Buckles.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Protective Order prohibiting the deposition of Gary R. Buckles is hereby **GRANTED**.

IT IS SO ORDERED.

DATED this 20th day of June, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma